**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GEORGIA GULF CHEMICALS &
VINYLS, LLC,

    Plaintiff-Stakeholder,

v.                                       1:12-cv-1949-WSD

GIST LOGISTICS, INC., BAXTER
BAILEY & ASSOCIATES, et al.,

    Defendant-Claimants.

**OPINION AND ORDER**

This matter is before the Court following its June 25, July 20, and July 26, 2012, Orders requiring Georgia Gulf Chemicals & Vinyls, LLC's ("Plaintiff" or "Gulf") to serve all Defendant-Claimants[1] on or before August 10, 2012, with a copy of its Complaint and the Court's June 25, 2012, Order and for all parties, on or before August 24, 2012, to file with the Court a pleading addressing: (1) whether this is a proper interpleader action pursuant to 28 U.S.C. § 1335; (2) if so, what amount of funds are in dispute; and, (3) whether Gulf should be dismissed from this action as a disinterested stakeholder who is not subject to any claims by the carriers.

---

[1] Plaintiff has listed seventy-six (76) corporate entities and sixty (60) John Does as Defendant-Claimants in this action.

Responses to the Court's Order were filed by Defendant-Claimants BAH Express, Inc. ("BAH") [81], Tradewinds Logistics, Inc. ("Tradewinds") [92], Cotton Plant Transport, Inc. ("Cotton Plant") [94],[2] Phenix Transport, Inc. ("Phenix") [96],[3] Christenson Transportation, Inc. ("Christenson") [97], Stay Loaded, Inc. ("Stay Loaded") [98], and Mike's Loading Service, Inc. ("Mike's Loading") [99]. The Defendant-Claimants who have responded to the Court's Order collectively have claims against Gulf that total $21,425.00, a sum which exceeds the $14,942.35 Gulf seeks to deposit into the Registry of the Court as the limit of their liability in this interpleader action. There are an additional sixty-nine (69) corporate entities who have not responded to the Court's Order and who potentially also have claims against Gulf.[4] With the exception of BAH, all Defendant-Claimants who have responded oppose interpleader and Gulf's dismissal from this action.

---

[2] On August 2, 2012, Defendant-Claimant Cotton Plant also filed its Answer and Crossclaim against Gulf and Gist Logistics, Inc. for services rendered in the amount of $775.00 [95]. On August 23, 2012, Gulf answered Cotton Plant's counterclaim [101].

[3] Defendant-Claimant Phenix's pleading asserts that courts may impose costs and attorney's fees on a plaintiff-stakeholder who interpleads in bad faith and requests reimbursement for its litigation expenses because Gulf's interpleader claim is frivolous. See Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982) (citing Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976)).

[4] On August 20, 2012, Defendant-Claimant Gist Logistics, Inc. filed a notice of bankruptcy, invoking the automatic stay provisions of the Bankruptcy Code with regard to efforts by Gulf to continue this action against it [100].

The Court has reviewed the submissions by the Defendant-Claimants and concludes that a teleconference is appropriate to discuss the status of this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that a teleconference will be conducted by the Court Wednesday, November 1, 2012, at 9:00 a.m. to discuss the status of this litigation.

**SO ORDERED** this 4th day of October, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE